**In re Request for ADVISORY OPINION FROM the HOUSE OF REPRESENTATIVES (casino bill).**

No. 05–134–M.P.

Supreme Court of Rhode Island.

May 24, 2005.

Michael W. Field.

Sandra A. Lanni, Warwick.

Thomas M. Dickinson.

## ORDER

Pursuant to Article X, Section 3, of the Rhode Island Constitution, the Rhode Island House of Representatives (the House) has transmitted to the Justices of this Court a resolution, numbered 2005–H 6396 (as amended on the floor of the House), requesting an Advisory Opinion on the constitutionality of a bill currently pending before the House, which bill is numbered 2005–H 6429, and is entitled, "An Act Relating to Sports, Racing and Athletics – and Extension of Gaming Activities to Include a State–Operated Casino." The House resolution seeks our written Opinion on the following questions of law with respect to the proposed legislation (i.e. 2005–H 6429):

"(1) Would the proposed act, if duly enacted into law and approved by the electors of the state and the town of West Warwick, comply with the requirement of Article VI, Section 15 of the Constitution of the State of Rhode Island and Providence Plantations that all lotteries permitted in Rhode Island be operated by the state?

(2) Would the proposed act, if duly enacted into law and approved by the majority of the electors of the state and the majority of the electors of the town of West Warwick at the special election provided for by the proposed act, comply with the provisions of Article VI, Section 22 of the Constitution of the State of Rhode Island and Providence Plantations requiring a statewide and municipal referendum to become effective?

(3) Would the proposed act, if duly enacted into law and approved by the electors of the state and the town of West Warwick, violate the equal protection clause of Article I, Section 2 of the Constitution of the State of Rhode Island and Providence Plantations, in: (a) granting to the Narragansett Indian Tribe and its chosen partner the right to enter into an exclusive contract as casino service provider; or (b) in providing that the state retain a share of net casino gaming income that is different from the share of net income that the state retains from other gambling facilities in the state?

(4) Would the proposed act, if duly enacted into law and approved by the electors of the state and the town of West Warwick, be violative of the equal protection clause of Amendment XIV, Section 1 of the Constitution of the United States, in: (a) granting to the Narragansett Indian Tribe and its chosen partner the right to enter into an exclusive contract as casino service provider; or (b) in providing that the state receive a share of net casino gaming income that is different from the share of net income that the state receives from other gambling facilities in the state?"

Upon review of these questions, we hereby direct that the following Order shall enter:

1. The questions as presented to us in House resolution 2005–H 6396 (as amended) are assigned for oral argument on *Monday, August 15, 2005 at 9:30 a.m.*

2. The Speaker of the House (the speaker), the President of the Rhode Island Senate (the senate president), the Governor, and the Attorney–General are invited to file briefs addressing these questions on or before *June 27, 2005*. Reply briefs shall be filed on or before *July 27, 2005*. Other interested parties may file briefs as *amici curiae* on or before the dates above indicated. No requests for briefing extensions or for continuances of the hearing date will be entertained by the Court.

3. Counsel for the Speaker will be allotted twenty (20) minutes for oral argument, with ten (10) minutes for rebuttal. Counsel for the Senate President, the Governor, and the Attorney General will together be allotted a total of up to forty (40) minutes for oral argument. The Court upon request may permit oral argument from additional parties. Ten (10) minutes will be allowed for parties permitted by the Court to offer rebuttal.

4. Chief Justice Williams, Justice Suttell and Justice Robinson shall constitute the panel which will respond to these questions.

Justice GOLDBERG and Justice FLAHERTY did not participate.